UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ALI SHAHROKHI, | Case No.: 2:20-cv-01019-APG-VCF |
|---|---|
| Plaintiff | **ORDER** |
| v. | [ECF Nos. 25, 34, 45, 47] |
| JUDGE MATHEW HARTER, et al., | |
| Defendants | |

Pro se plaintiff Ali Shahrokhi sues Nevada state judges Mathew Harter, Linda Bell, and Michael Gibbons in their official capacities, as well as the State of Nevada, for their alleged roles in a state court child custody matter pending before Judge Harter.  Shahrokhi alleges that his due process, equal protection, and First Amendment rights have been violated.  He seeks injunctive relief to disqualify Judge Harter from his case and to order the return of his minor child to Nevada.  The defendants oppose his motion and move to dismiss the complaint.

At first glance, there are several problems with Shahrokhi's second amended complaint and motions for a temporary restraining order (TRO) and declaratory relief.  These problems include issues on the merits, concerns about this court's jurisdiction, and the defendants' absolute judicial immunity.  However, I need not resolve those issues because *Younger*[1] abstention applies.

Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings.  "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

litigate federal claims." *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). Family law matters are "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Dismissal is required when *Younger* abstention applies. *San Remo Hotel*, 145 F.3d at 1103.

Shahrokhi's state court custody proceedings are ongoing, Nevada has a strong interest in how custody issues are resolved, and nothing precludes Shahrokhi from litigating his federal claims in the state court action. Accordingly, I dismiss this case under *Younger* without reaching the other grounds for dismissal raised by the defendants. I understand that Shahrokhi has not yet had the opportunity to respond to the defendants' motion to dismiss. However, these issues were raised in response to his TRO motion, so he already had an opportunity to address *Younger* abstention. In addition, a court can raise *Younger* abstention sua sponte. *See H.C. ex rel.*, 203 F.3d at 613. To preserve both the parties' and the court's resources, I resolve the matter without further briefing.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 45) is GRANTED**. The second amended complaint is dismissed in its entirety.

I FURTHER ORDER that plaintiff Ali Shahrokhi's motions **(ECF No. 25, 34) are denied as moot.**

I FURTHER ORDER that the defendants' motion to stay discovery **(ECF No. 47) is denied as moot**.

The clerk of court is instructed to enter judgment accordingly and to close this case.

DATED this 18th day of August, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE